IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LUIS TERRAZAS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-14-CV-18-KC |
| | § | |
| **CAROLYN W. COLVIN,** | § | |
| **Acting Commissioner of the Social** | § | |
| **Security Administration,** | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER

On this day, the Court considered Plaintiff Luis Terrazas' ("Claimant") Objections to Magistrate Judge's Report and Recommendation ("Objections"), ECF No. 14, in the above-captioned case (the "Case"). For the following reasons, the Objections are **OVERRULED**, and the Report and Recommendation of the Magistrate Judge (the "R&R"), ECF No. 13, is hereby **ADOPTED**.

## I.  BACKGROUND

In January 2011, Claimant filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income. R. at 86-96. In both applications, Claimant alleged disability beginning on December 1, 2007. *Id.* at 86, 91. Claimant's grounds for disability stemmed from allegations of diabetes, lower back pain, and cholesterol. *Id.* at 265, 269, 273. The Social Security Administration denied both of Claimant's applications initially and on reconsideration. *Id.* at 41-54. Claimant then filed a

written request for a hearing before an administrative law judge ("ALJ") on July 5, 2011. *Id* at 63.

On May 16, 2012, Claimant appeared unrepresented by counsel before an ALJ for a hearing on his disability applications. *Id*. at 20-36. Claimant stated that he suffered from diabetes and severe chronic back pain. *Id.* at 22-23. Further, Claimant alleged that approximately one month before the hearing he had sought medical care at the William Beaumont and Veterans Administration ("VA") hospitals for depression, *id.*, which he described as "just think[ing] about . . . not being able to work like [he] want[s] to and make money so [he] could support [his] children first and foremost and pay for some bills and some of the food that [he] eat[s]." *Id.* at 31. The ALJ acknowledged that medical records relating to Claimant's treatment for depression had not been presented, but informed Claimant that she would collect and review those records before determining his disability claim. *Id.* at 22, 34-35. Claimant additionally testified that he was taking tramadol for his pain, insulin for his diabetes, and a medication for his depression that he could not name. *Id.* at 26-27. This medication caused Claimant no side effects other than "sedation." *Id.* at 30.

Claimant stated that his last place of employment was his family's fast-food restaurant, at which he worked as general manager. *Id.* at 24, 26. Claimant further testified that he performs "odd jobs" for pay, including babysitting nieces and nephews, driving his parents as needed, and doing housework. *Id.* at 27-28. Further, Claimant estimated he could lift fifteen pounds without straining, could walk two to three blocks before needing to rest, and had no trouble socializing with others or concentrating when he drove or watched television. *Id.* at 28, 31.

After hearing Claimant's testimony, the ALJ proposed three hypothetical questions to a vocational expert (the "Vocational Expert"). *Id.* at 34. Hypothetical one asked the Vocational

Expert whether "an individual at the medium level who would need to avoid concentrated exposure to unprotected heights" would be able to work as a fast-food worker or heavy equipment operator. *Id*. Hypothetical two asked the same question of the Vocational Expert, but "assum[ed] an individual at the light level who would need to avoid concentrated exposure to unprotected heights." *Id.* For both hypothetical one and two, the Vocational Expert concluded that such an individual could participate in past-employment as a fast-food worker. *Id.* Hypothetical three involved the same conditions as hypothetical two, but with the added condition that the individual would need unscheduled breaks throughout the workday due to a combination of medical conditions. *Id*. The Vocational Expert stated that such a condition would not be allowed in any competitive work environment. *Id.*

On August 16, 2012, the ALJ denied Claimant benefits. *Id.* at 8-14. In doing so, the ALJ found that Claimant's depression "did not cause more than minimal limitation in the [C]laimant's ability to perform basic mental work activities and [is] therefore non-severe." *Id.* at 10. There is no indication in the record that the ALJ obtained Claimant's medical records relating to his treatment for depression prior to issuing the decision. The Social Security Administration's Appeals Council denied Claimant's request for review of the ALJ's decision on November 13, 2013. *Id.* at 1-3.

Claimant initiated this action by filing his "Complaint to Review Decision of Commissioner of the Social Security" ("Complaint"), ECF No. 1, on January 16, 2014. By the Complaint, Claimant sought a reversal of the administrative decision denying his claim for disability benefits. Compl. 4. The Commissioner of the Social Security Administration (the "Commissioner") filed her Answer, ECF No. 5, on March 20, 2014. After both parties filed supplemental briefs in support of their respective positions, the Honorable Robert F. Castaneda

(the "Magistrate Judge") issued his R&R on February 5, 2015, recommending that the Court affirm the Commissioner's denial of benefits. Claimant then timely filed his Objections on February 17, 2015. The Commissioner filed no response to the Objections.

## II.  DISCUSSION

### A.  Standard

A district court "shall make a de novo determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

"In the Fifth Circuit, appellate review [of a social security denial] is limited to (1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence." *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "The [C]ourt may not reweigh the evidence or try the issues de novo or substitute its judgment for that of the [Commissioner]." *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984).

### B.  Analysis

Claimant alleges five errors on the part of the Magistrate Judge. First, Claimant believes that the Magistrate Judge "erred in his findings that the ALJ properly considered all of [Claimant's] impairments throughout the evaluation process." Objections 1. Second, Claimant

4

alleges that "the [M]agistrate [Judge] erred in finding that the ALJ's failure to develop the medical record did not prejudice [Claimant]." *Id.* at 3.  Third, Claimant argues that "the [M]agistrate [Judge] erred in finding that the ALJ's failure to order a psychiatric examination did not prejudice [Claimant]." *Id.* at 4.  Fourth, Claimant asserts that "the [M]agistrate [Judge] erred in finding that the ALJ was not required to incorporate [certain] non-exertional limitations in the hypothetical[s] presented to the [V]ocational [E]xpert." *Id.* at 6.  Fifth, Claimant alleges that he was prejudiced by the ALJ's failure to allow him the opportunity to question the Vocational Expert.  *Id.* at 8.  The Court reviews each objection de novo in turn.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Warren*, 230 F.3d at 694.

"A sequential [five-step] process is used to determine whether a claimant is disabled and, therefore, entitled to benefits." *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989); *see also* 20 C.F.R. § 404.1520.  "'A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987)); *see also* 20 C.F.R. § 404.1520(a)(4).  "To be entitled to benefits, an applicant bears the initial burden of showing that he is disabled." *Greenspan*, 38 F.3d at 236 (citing *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988)).  "Under the regulations, this means that the claimant bears the burden of proof on the first four steps of the sequential analysis." *Id.* (citing *Bowen v. Yuckert*, 484 U.S. 137, 146 n.5 (1987)).  "Once this initial burden is satisfied, the [Commissioner] bears the burden of establishing that the claimant is capable of performing work in the national economy." *Id.*  "If the [Commissioner] adequately points to potential alternative employment . . . the burden then shifts back to the claimant to prove that he is unable to perform the alternate work." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

The first step of the disability analysis involves consideration of the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaging in "substantial gainful activity," there is no disability. *Id.* The second step considers the "medical severity" of the claimant's impairments. *Id.* § 404.1520(a)(4)(ii). "If [the claimant] do[es] not have a severe medically determinable physical or mental impairment that meets the duration requirement in [20 C.F.R.] § 404.1509, or a combination of impairments that is severe and meets the duration requirement," the claimant is not disabled. *Id.* The third step examines the medical severity of the claimant's impairment. *Id.* § 404.1520(a)(4)(iii). "In the third step, the medical evidence of the claimant's impairment(s) is compared to a list of impairments presumed severe enough to preclude any gainful activity." *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001) (citing *Loza v. Apfel*, 219 F.3d 378, 390 (5th Cir. 2000)). "If the claimant's impairment matches or is equal to one of the listed impairments, he qualifies for benefits without further inquiry." *Id.* The fourth step considers an assessment of the claimant's residual functional capacity and past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). "If [the claimant] can still do [his] past relevant work, . . . [the claimant] [is] not disabled." *Id.* The fifth and final step considers an assessment of the claimant's residual functional capacity and the claimant's age, education, and work experience to see if the claimant can make an adjustment to other work. *Id.* § 404.1520(a)(4)(v). If the claimant can make an adjustment to other work there is no disability. *Id.* If the claimant cannot make an adjustment to other work there is a disability. *Id.*

### 1. The ALJ sufficiently considered the combined effects of Claimant's physical and mental impairments.

Claimant argues that the ALJ erred by failing to consider the combined effect of Claimant's impairments. Objections 1-2. According to the Claimant, "[a]lthough the ALJ stated

that [s]he had 'carefully considered the entire record in this case,' [her] 'evaluation of the evidence' addresses each impairment separately and does not specifically discuss the interaction or cumulation [sic] of all of the [C]laimant's medical problems." *Id.* at 3.

"The well-settled rule in this Circuit is that in making a determination as to disability, the ALJ must analyze both the 'disabling effect of each of the claimant's ailments' and the 'combined effect of all of these impairments.'" *Loza*, 219 F.3d at 399 (citing *Fraga v. Bowen*, 810 F.2d 1296, 1305 (5th Cir. 1987)). However, "[t]here is no requirement that the ALJ narrate in [her] opinion exactly how [s]he considered combinations of impairments." *Jackson v. Colvin*, Civ. No. 7:13-CV-039-BL, 2014 WL 4547819, at *7 (N.D. Tex. Sept. 15, 2014). "That the ALJ did not specifically cite each and every piece of medical evidence considered does not establish an actual failure to consider the evidence." *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005) (citing *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994)). It is sufficient if the ALJ's opinion, as a whole, indicates that the ALJ considered the combined effect of the claimant's impairments. *See Hajek v. Shalala*, 30 F.3d 89, 92 (8th Cir. 1994) (finding that ALJ properly considered combined effect of impairments where ALJ stated claimant "has not had an impairment or combination of impairments," referenced the "evidence as a whole," and referred to claimant's impairments and symptoms in the plural); *Soto v. Colvin*, Civ. Action No. 5:12-CV-00084-BG ECF, 2013 WL 1787562, at *5 (N.D. Tex. 2013) (finding that ALJ properly considered combined effect of impairments where "he recognized that he had to consider . . . combination of impairments in his review of applicable law," "expressly found no . . . 'impairment or combination of impairments,'" and stated that he considered "all of the evidence," "all symptoms," and "the entire record").

7

Here, the record sufficiently reflects that the ALJ considered the combined effect of Claimant's impairments. First, the ALJ explicitly recognized several times in reviewing the applicable law that she was required to consider whether Claimant had a "combination of impairments." R. at 9. The ALJ further noted that her "residual functional capacity assessment reflects the degree of limitation" that the ALJ had given to Claimant's depression and groin abscess. *Id.* at 11. The ALJ then expressly found that "[C]laimant does not have an impairment *or combination of impairments* that meets or medically equals the severity of one of the listed impairments." *Id.* (emphasis added). Furthermore, in explaining this conclusion, the ALJ referenced Claimant's impairments in the plural, *id.* at 11-12, and stated that she considered "the entire record" and "all [of Claimant's] symptoms." *Id.* at 12.

Accordingly, the Court finds that the record sufficiently establishes that the ALJ properly considered the combined effect of Claimant's impairments. *See Hajek*, 30 F.3d at 92. Claimant's first objection is overruled.

### 2. Claimant has not established that the ALJ's failure to properly develop the record resulted in prejudice.

Claimant next asserts that "[t]he failure of the ALJ to gather all of [Claimant's] medical records clearly prejudiced his disability claim." Objections 4. Specifically, Claimant alleges that the ALJ failed to develop the record by not obtaining "the medical records indicat[ing] that [Claimant] was diagnosed with [d]epression and that his doctor had prescribed medication to treat the illness." *Id.* Therefore, according to Claimant, "[t]he ALJ rendered her decision without knowing whether the medical records that she fail[ed] to obtain had an effect [o]n [Claimant's] ability to engage in gainful employment." *Id*.

8

"It is the duty of the [ALJ] to develop the facts relative to a claim for benefits fully and fairly." *Kane*, 731 F.2d at 1219. "The ALJ's 'basic obligation to develop a full and fair record rises to a special duty when an unrepresented claimant unfamiliar with the hearing procedures appears before [her].'" *Id.* (citing *Clark v. Harris*, 638 F.2d 1347, 1351 (5th Cir. 1981)); *see also Bowling v. Shalala*, 36 F.3d 431, 437 (5th Cir. 1994). Nonetheless, even under the heightened duty accorded to pro se claimants, the Court will "reverse an ALJ's decision for failure to develop the record adequately only if a claimant shows the he was prejudiced as a result of the hearing." *See Bowling*, 36 F.3d at 437; *see also Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). "'Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision.'" *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000) (quoting *Ripley v. Chater*, 67 F.3d 552, 557 n.22 (5th Cir. 1995)). "A mere allegation that additional beneficial evidence might have been gathered had the error not occurred is insufficient to meet this burden." *Jones v. Astrue*, 691 F.3d 730, 735 (5th Cir. 2012). "Without proof of prejudice, there is no basis for remand." *Hawkins v. Astrue*, No. 3:09-CV-2094-BD, 2011 WL 1107205, at *7 (N.D. Tex. Mar. 25, 2011) (citing *Newton*, 209 F.3d at 458).

At the hearing, Claimant stated that he had recently received medical treatment for depression at the William Beaumont and VA hospitals. R. at 22. The ALJ acknowledged that medical records from that treatment had not been presented at the hearing, and told Claimant that she would obtain the records prior to issuing her decision. *Id.* at 22, 34-35. There is no indication in the record, however, that the ALJ in fact obtained the medical records or relied on them in denying benefits. The Court shares the Magistrate Judge's concern regarding the ALJ's failure to obtain the medical records and agrees that "it would be much better practice to follow

through on what a claimant is advised will take place." *See* R&R 11.  Nonetheless, the ALJ's failure to obtain the records, without more, is insufficient to remand the decision.  *See Bowling*, 36 F.3d at 437.  Claimant must also establish that the ALJ's failure to do so resulted in prejudice.  *See id.*

Claimant has not presented any evidence or argument indicating how the ALJ's failure to obtain the medical records resulted in prejudice.  At best, Claimant states that "the medical records indicate that [Claimant] was diagnosed with [d]epression and that his doctor had prescribed medication to treat the illness."  Objections 4.  The record, however, shows that the ALJ accepted that Claimant suffered from some degree of depression, but found that Claimant's depression "did not cause more than minimal limitation in the [C]laimant's ability to perform basic mental work activities and [is] therefore non-severe."  R. at 10.  In so concluding, the ALJ relied on Claimant's own testimony indicating no limitation to the four functional areas pertinent in weighing the degree of limitation with mental impairments.  *See id.* at 11; *see also* 20 C.F.R. § 404.1520a (defining grounds for evaluating mental impairments).  Furthermore, Claimant himself described his depression as "just . . . think[ing] about [his] situation . . . not being able to work like [he] want[s] to and make money so [he] could support [his] children first and foremost and pay for some bills and some of the food that [he] eat[s]."  R. at 31.  Depression as a consequence of anxiety regarding the inability to work has consistently been found insufficient to establish a serious mental or emotional impairment.  *See Mayes v. Astrue*, No. 08-10306, 2008 WL 5069750, at *3 (5th Cir. Dec. 2, 2008); *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987); *Fraga*, 810 F.2d at 1305.  Accordingly, the Court finds that the record as a whole "contains substantial evidence that supports the final decision of the [ALJ], as trier of fact."  *See Kane*, 731 F.2d at 1219.

Despite this substantial evidence supporting the ALJ's conclusion, Claimant has offered no explanation, much less evidence, establishing how the medical records at issue could or would have altered the ALJ's decision. Claimant's "mere allegation that additional beneficial evidence might have been gathered had the error not occurred is insufficient to meet [his] burden" to show prejudice. *Bluitt v. Colvin*, Civ. Action No. 4:14-CV-0115, 2015 WL 1004215, at *13 (S.D. Tex. Mar. 6, 2015) (citing *Jones*, 691 F.3d at 735); *see also Ware v. Schweiker*, 651 F.2d 408, 414 (5th Cir. 1981) (finding no prejudice where there was "no evidence that the search or added evidence would have been beneficial" to the claimant). Consequently, "[w]ithout proof of prejudice, there is no basis for remand." *Hawkins*, 2011 WL 1107205, at *7. Claimant's second objection is overruled.

### 3. The ALJ did not err in not ordering a consultative examination.

Claimant next argues that the ALJ "also failed to order a consultative examination to determine the severity of [Claimant's] non-exertional impairments." Objections 5. Specifically, Claimant asserts that he "was prejudiced by the ALJ's failure to [o]rder a psychiatric examination [because] his allegations of [depression] were timely raised, and were sufficient to raise a suspicion of non-exertional impairments." *Id.* at 6 (internal quotations omitted).

An ALJ has the discretion to order a consultative examination. *Anderson*, 887 F.2d at 634. However, an ALJ's discretion is "limited where the claimant 'raises the requisite suspicion' that such an examination is *necessary* for the ALJ to discharge his duty of full inquiry." *Haywood v. Sullivan*, 888 F.2d 1463, 1472 (5th Cir. 1989) (quoting *Pearson v. Bowen*, 866 F.2d 809, 812 (5th Cir. 1989)). "A consultative evaluation becomes 'necessary' only when the claimant presents evidence sufficient to raise a suspicion concerning a non-exertional impairment." *Brock*, 84 F.3d at 728 (citing *Jones*, 829 F.2d at 526). A claimant's "isolated

11

comments" about an impairment "when viewed within the record as a whole" may not be sufficient to raise the requisite impairment. *See Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989).

The Court finds that the record contains substantial evidence supporting the ALJ's decision not to order a psychiatric consultation. *See Kane*, 731 F.2d at 1219. Though Claimant stated that he had received treatment for depression a month before the hearing, Claimant described this depression as "just . . . think[ing] about [his] situation . . . not being able to work like [he] want[s] to and make money so [he] could support [his] children first and foremost and pay for some bills and some of the food that [he] eat[s]." R. at 31. As stated above, depression as a consequence of anxiety regarding the inability to work has consistently been found as insufficient to establish a claim of mental or emotional impairment. *See Mayes*, 2008 WL 5069750, at *3; *Jones*, 829 F.2d at 526; *Fraga*, 810 F.2d at 1305.

Furthermore, the record indicates that Claimant does not have trouble socializing or interacting with others, concentrating when driving or watching television, or performing daily activities such as housework, babysitting, and driving his parents as needed. R. at 28, 31. These facts lend further support to the ALJ's conclusion that Claimant's asserted depression was of "minimal limitation" to Claimant's ability to perform basic mental work activities and was not otherwise severe. *See id.* at 10-11; 20 C.F.R. § 404.1520a (setting forth the criteria for evaluating mental impairments).

The record contains no evidence raising any other suspicion regarding Claimant's depression or other mental impairments. Accordingly, upon review of the record as a whole, the Court finds that Claimant failed to raise the requisite suspicion to necessitate a psychiatric examination. *Cf. Watson v. Astrue*, No. 06-1784, 2008 WL 4072831, at *5 (W.D. La. July 1,

2008) (finding requisite suspicion raised where claimant made multiple delusional statements at hearing); *Brown v. Apfel*, No. A 97 CA 308 SS, 1998 WL 1031526, at *2 (W.D. Tex. Sept. 14, 1998) (finding requisite suspicion raised where claimant with an IQ of 67 made multiple references to depression, including nonsensical statements regarding prior treatment). Therefore, because the Court finds that the record as a whole contains substantial evidence supporting the ALJ's decision to not order a consultative examination, Claimant's third objection is overruled. *See Kane*, 731 F.2d at 1219.

> 4. **The ALJ's hypothetical questions to the vocational expert were not deficient.**

Claimant alleges that "the hypothetical[s] presented by the ALJ to the Vocational Expert w[ere] defective in that the hypothetical[s] failed to incorporate all of [Claimant's] impairments." Objections 7. Specifically, according to Claimant, the ALJ's hypotheticals failed to incorporate any reference to Claimant's depression, insomnia, chronic back pain, diabetes, or sedation-related side effects from prescribed medications. *Id.* at 7-8.

The Fifth Circuit "has created a two-part test for determining whether an ALJ's hypothetical question constitutes reversible error: first, the question must include all disabilities of the claimant recognized by the ALJ; and second, the claimant or his representative should be allowed to correct deficiencies in the ALJ's question." *Weimer v. Astrue*, 284 F. App'x 129, 135 (5th Cir. 2008) (citing *Bowling*, 36 F.3d at 435). Accordingly, "[t]he hypothetical question that an administrative law judge poses to a vocational expert need only incorporate the disabilities that the administrative law judge recognizes." *Wise v. Barnhart*, 101 F. App'x 950, 951 (5th Cir. 2004) (citing *Bowling*, 36 F.3d at 435; *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988)). The disabilities that must be included in the ALJ's hypothetical are those disabilities recognized by

the ALJ in her residual functional capacity analysis as limitations on the claimant's ability to work. *See Bordelon v. Astrue*, 281 F. App'x 418, 422 (5th Cir. 2008). A court need not reach the second prong of the analysis if it finds that the hypothetical question posed by the ALJ reasonably incorporates the disabilities recognized by the ALJ. *Weimer*, 284 F. App'x at 135.

Here, the ALJ found that "[C]laimant has the residual functional capacity to perform light work . . . except for avoidance of unprotected heights." R. at 12. The ALJ's first hypothetical asked the Vocational Expert to assume "an individual at the medium level who would need to avoid concentrated exposure to unprotected heights." *Id.* at 34. The second and third hypotheticals asked the Vocational Expert to assume "an individual at the light level who would need to avoid concentrated exposure to unprotected heights." *Id.* Therefore, "[b]ecause the ALJ properly articulated [Claimant's] specific functional limitation[] in the hypothetical question[s] to the [Vocational Expert], the hypothetical[s] [were] valid." *See Bordelon*, 281 F. App'x at 422 (citing *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983)). Claimant's contention to the contrary "fails to distinguish between [his] diagnosed impairments and the functional limitations caused by those impairments on [his] ability to work." *Id.*; *see also Brown v. Comm'r of Social Sec.*, Civ. Action No. 12-761-BAJ-RLB, 2014 WL 1239329, at *9 (M.D. La. Mar. 25, 2014). Claimant's objection on this ground, therefore, is overruled.

### 5.   Claimant has not shown that the ALJ's failure to let Claimant question the Vocational Expert led to prejudice.

Finally, Claimant alleges that he was prejudiced by the ALJ's failure to allow him the opportunity to question the Vocational Expert. Objections 8.

Because the Court has found that the ALJ's hypotheticals were not deficient, the Court need not consider whether it was error for the ALJ to not allow the Claimant to question the

Vocational Expert.  *See Weimer*, 284 F. App'x at 135 ("[The Court] need not reach the second prong of this test because we find that the hypothetical question posed by the ALJ reasonably incorporates the disabilities recognized by the ALJ.").  Nonetheless, even assuming that the ALJ improperly denied Claimant the opportunity to question the Vocational Expert, the Court notes that "[p]rocedural perfection in administrative proceedings is not required."  *Mays*, 837 F.2d at 1364.  The Court "will not vacate a judgment unless the substantial rights of a party have been affected."  *Id.*  Claimant has offered nothing more than the bare assertion that "he was prejudiced in that he was not given the opportunity to ask questions to the [V]ocational [E]xpert to correct mistakes in the hypothetical[s]."  Objections 8.  There is no explanation how this prejudiced Claimant, how he would have corrected any alleged error, or how this affected his substantial rights.  Accordingly, Claimant's objection that he was prejudiced by the ALJ's failure to allow him to question the Vocational Expert is overruled.  *See Bowen*, 837 F.2d at 1364.

### III.     CONCLUSION

For the foregoing reasons, Claimant's Objections, ECF No. 14, are hereby **OVERRULED**.  The Magistrate Judge's R&R, ECF No. 13, is **ADOPTED** as the findings and conclusions of the Court, and the Case is hereby **DISMISSED**.

The Clerk shall close the Case.

**SO ORDERED**.

SIGNED this 20th day of March, 2015.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE